IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**WARREN PROPERTIES, INC.**                                                                                    **PLAINTIFF**

VS.                              CASE NO.  4:06CV001601 JMM

**FELIX D. TAYLOR**                                                                                                **DEFENDANT**

### ORDER

Pending before the Court are defendant's Motion for Leave to Proceed *In Forma Pauperis* and Motion for Contempt, and plaintiff's Motion to Remand.[1]   For the reasons stated below, the Motion to Remand is granted and the Motions for Leave to Proceed *In Forma Pauperis* and for Contempt are denied.

On November 7, 2006, defendant removed an Order of Possession from the Circuit Court of Pulaski County pursuant to 28 U.S.C. § 1443 and § 1441, and sought permission from the Court to proceed *in forma pauperis*.   In his Notice of Removal defendant contended that he could not enforce his counterclaims based upon the Americans with Disabilities Act ("ADA") and 42 U.S.C. § 1983 because the state court failed to make provisions for his being blind.

---

[1]Defendant received permission from the Court to file his brief in response to the pending Motion to Remand on, or before December 15, 2006.  As of the date of this Order, he has not filed such a brief.

1

Plaintiff filed a Motion to Remand contending that the Court lacked jurisdiction because (1) the removal was untimely under 28 U.S.C. § 1446(b); (2) a defense or counterclaim raising federal issues cannot serve as a basis for federal question jurisdiction; and (3) diversity jurisdiction is lacking.

On November 29, 2006, defendant filed a Motion for Contempt contending that plaintiff, plaintiff's counsel, and certain state officials who are not parties to this case should be held in contempt because they were aware that the state court did not have jurisdiction over his case.

I. *Facts*

Plaintiff filed an unlawful detainer complaint against defendant on October 3, 2006 contending that defendant, a month-to-month tenant, failed in July, August, and September of 2006 to pay his $405.00 monthly rent.   Defendant was served with the complaint on October 4, 2006 by a process server who offered to read him the summons and other documents.   Defendant waived his right to have the documents read to him.

On October 12, 2006, plaintiff gave defendant notice of the November 7, 2006 hearing by certified mail, and by civil process server who verbally read the letter to defendant.   On October 24, 2006, defendant filed an answer to the unlawful detainer and pled counterclaims based upon the ADA and § 1983 along with allegations that he had been constructively evicted because he had been denied a handicapped parking space, handicapped equipment, modifications to his apartment to make it accessible, repairs, and that plaintiff had taken his automobile.

As a result of the hearing, which plaintiff did not attend, the state court found that defendant was in default on his rental payments and issued an Order of Possession.

II. *Discussion*

Defendant was served with a copy of the initial pleading setting forth the claim for relief on October 4, 2006.[2] He filed his Notice of Removal on November 7, 2006. Under 28 U.S.C. § 1446(b), a defendant has thirty days from receipt of service of a copy of the initial pleading setting forth the claim for relief to file a Notice of Removal. Because defendant filed his Notice of Removal on the thirty-fourth day of receiving such notice, his Notice of Removal is untimely.

Removal is warranted under 28 U.S.C. § 1443(1) "only if it can be predicted by reference to a law of general application that the defendant will be denied or cannot enforce the specified federal rights in the state courts." *Georgia v. Rachel,* 384 U.S. 780, 800, 86 S.Ct. 1783, 1794, 16 L.Ed.2d 925 (1966). Defendant's notice of removal fails to establish nor does he point to any law of general application which would predict that he cannot enforce or present the ADA or § 1983 claims in Pulaski County Circuit Court. Moreover, based upon the record there is no evidence that the state court failed to accommodate defendant's disability. Removal under § 1443(2) is not available as plaintiff is not a federal officer or agent.

Removal under 28 U.S.C. § 1441 based upon federal question or diversity jurisdiction also fails. In *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.,*, 535 U.S. 826, 830-32 (2002) the United States Supreme Court held that counterclaims cannot serve as the basis for federal question jurisdiction. Because defendant's removal is based upon his counterclaims of violations of the ADA and § 1983, this Court lacks federal question jurisdiction. *C.f. Schinzing v. Mid-States Stainless, Inc.*, 415 F.3d 807 (8th Cir. 2005) (counterclaims cannot serve as the basis for Federal Circuit jurisdiction).

---

[2]Exhibit #1 to plaintiff's Motion to Remand.

In his answer to the Unlawful Detainer action, defendant sought as relief, dismissal of the complaint against him, $1,500,065.13 in damages under the ADA, $15,000.00 in damages for the damages and loss of his automobile, a sum in excess of $75,000.00 under § 1983, and approximately $8,000,000.00 in punitive damages under the ADA and § 1983.

Defendant's ADA counterclaims are cognizable under Title III of the ADA which provides that no one "who owns, leases (or leases to), or operates a place of public accommodation" may discriminate against anyone "on the basis of disability in the full and equal enjoyment of ⋯ any place of public accommodation."  Under Title III, defendant is not be entitled to compensatory or punitive damages.  *See* 42 U.S.C. § 12188(a); *Pona v. Cecil Whittaker's, Inc.*, 155 F.3d 1034 (8th Cir. 1998) ( private plaintiff can obtain only injunctive relief, not compensatory and punitive damages under 42 U.S.C. § 12188(a)) (District Judge Panner, concurring).

While defendant would be entitled to compensatory and punitive damages under § 1983, he has failed to state such a claim as plaintiff is not a state actor.  *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939 n. 21, 102 S.Ct. 2744, 2755 n. 21, 73 L.Ed.2d 482 (1982) (a private party's mere invocation of state legal procedures does not constitute state action).  Therefore, diversity jurisdiction is lacking because the only amount in controversy is $15,000.00 for damages to his automobile and for the loss of his automobile.  *See* 28 U.S.C. § 1332 (amount in controversy must exceed the sum or value of $75,000.00).

 "A district court may impose civil contempt sanctions for one of two purposes: to compensate parties aggrieved by contumacious conduct or to coerce compliance with the court's orders."  *Chaganti & Associates, P.C. v. Nowotny,* ___ F.3d ___, 2006 WL 3488725 (8th Cir. 2006). Neither of these two reasons for imposing civil contempt exists in this case.  Defendant's Motion

for Contempt is without merit.

III. *Conclusion*

Plaintiff's Motion to Remand is granted (#9) and defendant's Motions to Proceed *In Forma Pauperis* and for Contempt are denied (#1 and #11). The Clerk of the Court is directed to return the file to the Pulaski County Circuit Court forthwith.

IT IS SO ORDERED THIS  19  day of  December , 2006.

 
 James M. Moody
 United States District Court